**Rule 1915.3.  Commencement of Action.  Complaint.  Order.**

(a)     Except as provided by subdivision (c), an action shall be commenced by filing a verified complaint substantially in the form provided by Rule 1915.15(a).

(b)     An order shall be attached to the complaint directing the defendant to appear at a time and place specified.  The order shall be substantially in the form provided by Rule 1915.15(b).

*Note:*  See § 5430(d) of the Uniform Child Custody Jurisdiction and Enforcement Act, 23 Pa.C.S. § 5430(d), relating to costs and expenses for appearance of parties and child, and 23 Pa.C.S. § 5471, relating to intrastate application of the Uniform Child Custody Jurisdiction and Enforcement Act.

(c)     A claim for custody which is joined with an action of divorce shall be asserted in the complaint or a subsequent petition, which shall be substantially in the form provided by Rule 1915.15(a).

*Note*:  Rule 1920.13(b) provides that claims which may be joined with an action of divorce shall be raised by the complaint or a subsequent petition.

(d)     If the mother of the child is not married and the child has no legal or presumptive father, then a putative father initiating an action for custody must file a claim of paternity pursuant to 23 Pa.C.S. § 5103 and attach a copy to the complaint in the custody action.

*Note:*  If a putative father is uncertain of paternity, the correct procedure is to commence a civil action for paternity pursuant to the procedures set forth at Rule 1930.6.

(e)     A grandparent who is not in loco parentis to the child and is seeking physical and/or legal custody of a grandchild pursuant to 23 Pa.C.S. § 5323 must plead, in paragraph 9 of the complaint set forth at Rule 1915.15(a), facts establishing standing under § 5324(3).  A grandparent or great-grandparent seeking partial physical custody or supervised physical custody must plead, in paragraph 9 of the complaint, facts establishing standing pursuant to 23 Pa.C.S. § 5325.

**(f)     An unemancipated minor parent may commence, maintain or defend an action for custody of the minor parent's child without the requirement of the appointment of a guardian for the minor parent.**

\* \* \*

**Rule 1915.3-2.  Criminal <u>Record</u> or Abuse History.**

(a)     *Criminal **Record** or Abuse History Verification.*  **[The petitioner]** <u>A party</u> must file and serve with the complaint, **[or]** any petition for modification, <u>any</u>

**counterclaim, any petition for contempt or any count for custody in a divorce complaint or counterclaim** a verification regarding any criminal **record** or abuse history of **[the petitioner]** that party and anyone living in **[the petitioner's]** that party's household.  The verification shall be substantially in the form set forth in subdivision (c) below.  The **[petitioner]** party must attach a blank verification form to a complaint**, counterclaim** or petition served upon the**[ respondent]** other party.  Although the **[respondent]** party served need not file a responsive pleading pursuant to Rule 1915.5, **[the respondent]** he or she must file with the court a verification regarding **[any]** his or her own criminal **record** or abuse history **[of the respondent]** and that of anyone living in**[the respondent's]** his or her household on or before the initial in-person contact with the court (including, but not limited to, a conference with a conference officer or judge or conciliation, depending upon the procedure in the judicial district) but not later than 30 days after service of the complaint or petition**. [upon the respondent.]  A party's failure to file a Criminal Record or Abuse History Verification may result in sanctions against that party.**  Both parties shall file and serve updated verifications five days prior to trial.

(b)     *Initial Evaluation.*  At the initial in-person contact with the court, the judge, conference officer, conciliator or other appointed individual shall perform an initial evaluation to determine whether the existence of a criminal or abuse history of either party or a party's household member poses a threat to the child and whether counseling is necessary.  The initial evaluation required by 23 Pa.C.S. § 5329(c) shall not be conducted by a mental health professional.  After the initial evaluation, the court may order further evaluation or counseling by a mental health professional if the court determines it is necessary.  Consistent with the best interests of the child, the court may enter a temporary custody order on behalf of a party with a criminal history or a party with a household member who has a criminal history, pending the party's or household member's evaluation and/or counseling.

*Note***:** The court shall consider evidence of criminal **record** or abusive history presented by the parties.  There is no obligation for the court to conduct an independent investigation of the criminal **record** or abusive history of either party or members of their household.  The court should not consider ARD or other diversionary programs.  When determining whether a party or household member requires further evaluation or counseling, or whether a party or household member poses a threat to a child, the court should give consideration to the severity of the offense, the age of the offense, whether the victim of the offense was a child or family member and whether the offense involved violence.

(c) *Verification.*  The verification regarding criminal or abuse history shall be substantially in the following form:

(Caption)

CRIMINAL RECORD/ABUSE HISTORY VERIFICATION

* * *

2

5.    If you are aware that the other party or members of the other party's household has or have a criminal **record**/abuse history, please explain:

_____

_____

\* \* \*

**Rule 1915.12.  Civil Contempt for Disobedience of Custody Order.  Petition.  Form of Petition.  Service.  Order.**

\* \* \*

(c)    The petition shall be in substantially the following form:

(Caption)

PETITION FOR CIVIL CONTEMPT FOR
DISOBEDIENCE OF CUSTODY ORDER

The Petition of _____, respectfully represents:

1. That on _____, Judge _____entered an Order awarding (Petitioner) (Respondent) (shared legal custody) (sole legal custody) (partial physical custody) (primary physical custody) (shared physical custody) (sole physical custody) (supervised physical custody) of the minor child(ren)_____
_____

(Name(s) of Child(ren))

A true and correct copy of the order is attached to this petition.

2. Respondent has willfully failed to abide by the order in that

_____
_____
_____
_____

**3.  Petitioner has attached the Criminal Record/Abuse History Verification form required pursuant to Pa.R.C.P. No. 1915.3-2.**

WHEREFORE, Petitioner requests that Respondent be held in contempt of court.

_____

3

(Attorney for Petitioner) (Petitioner)

 I verify that the statements made in this **[complaint]** <u>petition</u> are true and correct. I understand that false statements herein are made subject to the penalties of 18 Pa.C.S. § 4904 relating to unsworn falsification to authorities.

_____          _____

  Date                                              Petitioner

* * *

**Rule 1915.15.  Form of Complaint.  Caption.  Order.  Petition to Modify a Custody Order.**

        (a)     The complaint in an action for custody shall be in substantially the following form:

(Caption)
COMPLAINT FOR CUSTODY

  1. The plaintiff is _____residing at


_____.
(Street)   (City)   (Zip Code)   (County)

  2. The defendant is _____residing at


_____.
(Street)   (City)   (Zip Code)   (County)

* * *

   **[The mother]** <u>A parent</u> of the child is _____currently residing at


_____

**[She]** <u>This parent</u> is (married) (divorced) (single).

   **[The father]** <u>A parent</u> of the child is _____currently residing at


_____

**[He]** <u>This parent</u> is (married) (divorced) (single).

* * *

4

10. **[I have] Plaintiff has** attached the Criminal Record/Abuse History Verification form required pursuant to Pa.R.C.P. No. 1915.3-2.

* * *

(b)     A petition to modify a custody order shall be in substantially the following form:

(Caption)

PETITION FOR MODIFICATION OF A CUSTODY ORDER

1. The petition of _____respectfully represents that on _____, 20__ an Order of Court was entered for (shared legal custody) (sole legal custody) (partial physical custody) (primary physical custody) (shared physical custody) (sole physical custody) (supervised physical custody), a true and correct copy of which is attached.

2. This Order should be modified because:

_____
_____

3.  **Petitioner has attached the Criminal Record/Abuse History Verification form required pursuant to Pa.R.C.P. No. 1915.3-2.**

WHEREFORE, Petitioner requests that the Court modify the existing Order because it will be in the best interest of the child(ren).

_____
(Attorney for Petitioner) (Petitioner)

I verify that the statements made in this **[complaint] petition** are true and correct. I understand that false statements herein are made subject to the penalties of 18 Pa.C.S. § 4904 relating to unsworn falsification to authorities.

_____          _____

Date                                    Petitioner

* * *

**Rule 1915.17.  Relocation.  Notice and Counter-Affidavit.**

(a)     A party proposing to change the residence of a child **which significantly impairs the ability of a non-relocating party to exercise custodial rights** must notify

every other person who has custodial rights to the child and provide a counter-affidavit by which a person may agree or object.  The form of the notice and counter-affidavit are set forth in subdivisions (i) and (j) below.  The notice shall be sent by certified mail, return receipt requested, addressee only or pursuant to Pa.R.C.P No. 1930.4, no later than the sixtieth day before the date of the proposed change of residence or other time frame set forth in 23 Pa.C.S. § 5337(c)(2).

* * *